```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


ROBERT M. HOWARD-PINSON,

                         Petitioner,

          v.                                 CASE NO. 04-3384-RDR

ARMY CLEMENCY AND PAROLE BOARD,

                         Respondent.
```

**O R D E R**

Petitioner, a person currently subject to parole supervision by the Army Clemency and Parole Board (ACPB), proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. 2241. Petitioner alleges constitutional error in his court martial conviction, and names ACPB as the sole respondent.

Before the court is respondent's motion to dismiss the petition for lack of jurisdiction (Doc. 3), based on petitioner's failure to name a respondent within the District of Kansas. In response, petitioner filed a motion to amend the petition to name the Commandant of the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas, as an additional respondent (Doc. 4).

Jurisdiction over petitioner's habeas application is established if the district court has jurisdiction over petitioner's immediate custodian. <u>Rumsfield v. Padilla</u>, 542 U.S. 426 (2004); <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973); <u>Monk v. Secretary of Navy</u>, 793 F.2d 364, 369 (D.C. Cir. 1986). Notwithstanding petitioner's bare statement

that he believes the USDB Commandant to be his immediate custodian, it is uncontested that petitioner was released from USDB in August 2003 to a military parole.[1]  Finding no factual or legal basis for amending the petition to name the USDB Commandant as a respondent in this action, petitioner's motion for leave to amend the petition is denied.

Accordingly, respondent correctly argues the petition is subject to being dismissed for lack of jurisdiction over ACPB, the only named respondent.  See e.g., U.S. v. Little, 392 F.3d 671, 680 (4th Cir. 2004)(section 2241 habeas petition dismissed without prejudice to petitioner refiling in district court having proper venue).  Although this court is authorized to instead transfer this matter to cure the lack of jurisdiction if the interests of justice so dictate, 28 U.S.C. 1631,[2] and petitioner has filed a motion for such a transfer, the court finds no compelling reason to do so in this case.

Petitioner's certificate of parole states that his parole will be effective until May 2007 unless sooner suspended, revoked, or terminated by competent authority.  Petitioner thus has ample time to re-file this action in the United States

---

[1]Additionally, petitioner identifies a Memphis, Tennessee, address in his petition, and petitioner currently resides in Arlington, Virginia.  Thus there is nothing to suggest that petitioner was subject to parole supervision by a parole office in Kansas when petitioner filed this action.

[2]See also Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)(recognizing a court's authority to transfer case to another district in interests of justice when a party files in improper venue or when court has no personal jurisdiction over defendants).

District Court for the District of Virginia.[3]  *Cf*, <u>Phillips v. Seiter</u>, 173 F.3d 609 (7th Cir. 1999)(a time-barred refiling in the proper court presents a compelling reason for transfer instead of dismissal).

IT IS THEREFORE ORDERED that petitioner's motion to amend (Doc. 4), and motions for change of venue (Docs. 8 and 10), are denied.

IT IS FURTHER ORDERED that respondent's motion to dismiss (Doc. 3) is granted, and that this action is dismissed without prejudice.

IT IS FURTHER ORDERED that respondent's motion for an order of dismissal (Doc. 7), petitioner's motion for appointment of counsel (Doc. 8), and petitioner's motion for an extension of time (Doc. 8) are denied as moot.

DATED:  This 16th day of September 2005 at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[3]Petitioner's certificate of parole contains an Arlington, Virginia, address for ACPB (Doc. 3, Exhibit A).

3